UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREUS MCGEE, an individual,

   Plaintiff,

vs.

TONY DEGIUSTI, individually, and
on his official capacity of the Chief of
Police of the Ypsilanti Police Department;

ANNIE SOMERVILLE, individually;

ANNETTE COPPOCK, individually;

BRIAN LEWANDOWSKI, individually,

NICOLE BROWN-MCGEE, individually, and

CITY OF YPSILANTI, a public body.

   Defendant.

Case No. 1:23-cv-
Hon.

| William F. Piper (P38636) <br> William F. Piper, P.L.C. <br> ***Attorney for Plaintiff*** <br> 1611 West Centre Avenue, Suite 209 <br> Portage, MI 49024 <br> Phone: 269.321.5008 <br> Fax: 269.321.5009 <br> Email: wpiper@wpiperlaw.com | |
|---|---|

## **COMPLAINT**

The plaintiff Andreus McGee, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

1. The plaintiff Andreus McGee is a individual who lives in the City of Battle Creek, County of Calhoun, State of Michigan.

2. The defendant Tony Degiusti was, on July 5, 2022, the Chief of Police of the City of Ypsilanti, and he was responsible for implementing law enforcement policies for the City of Ypsilanti, as the final decision making authority, upon information and belief.

3. The defendant Anne Somerville was, on July 5, 2022, on the city council of the City of Ypsilanti, and she was a friend of Mr. McGee's estranged wife, the defendant Nicole Brown-McGee, who was the mayor pro tem for the City of Ypsilanti, upon information and belief.

4. The defendant Annette Coppock was a police officer for the City of Ypsilanti at all times relevant to this complaint.

5. The defendant Brian Lewandowski was a police officer for the City of Ypsilanti at all times relevant to this complaint.

6. The defendant City of Ypsilanti is a public body located in the County of Washtenaw, State of Michigan.

7. The events complained of in this lawsuit occurred on July 5, 2022 at Mr. McGee's then house located at 948 Jefferson Street in the City of Ypsilanti, County of Washtenaw, State of Michigan.

8. The events complained of were committed by the defendants under color of state law but not under a legitimate exercise of governmental authority.

9. Jurisdiction of this court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. The claims in this lawsuit arise under 42 U.S.C. § 1983.

11. Certain of the claims in this action arise under the supplemental jurisdiction of this court to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

**COMMON ALLEGATIONS**

12. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 11 of this complaint.

13. On the evening of July 4, 2022 Mr. McGee returned to his home on Jefferson Street he shared with his wife Nicole Brown-McGee.

14. Mr. McGee slept in the same bed with Nicole Brown-McGee on the night of July 4, 2022 and the morning of July 5, 2022.

15. The night of July 4, 2022 and the morning of July 5, 2022 in the McGee household were uneventful, and there were no threats of violence, no violence, and no arguments between Mr. McGee and his wife.

16. In the morning of July 5, 2022 Nicole Brown-McGee told Mr. McGee she loved him and kissed him goodbye.

17. Later that day Nicole Brown-McGee, using her political connections, told a false story to the defendants about Mr. McGee's having threatened her in January 2022 in Battle Creek, Michigan and July 2, 2022 in Ypsilanti, Michigan.

18. The defendants Coppock and Lewandowski then called Mr. McGee and told him, among other things, that he had threatened his wife on July 2, 2022.

19. Mr. McGee vehemently denied that he had threatened his wife or had touched her in any inappropriate way, much less battered her.

20. Ms. Brown-McGee never reported the alleged threat or battery to any law enforcement agency in Calhoun County before July 5, 2022 or at any time, nor did she report the alleged but not actual threats of July 2, 2022 before July 5, 2022.

21. Nonetheless, the defendants Coppock and Lewandowski asked Mr. McGee if they could do a civil standby while his wife retrieved some of her personal items from his home.

22. Mr. McGee gave permission for the civil stand by for the limited purpose requested.

23. In the evening of July 5, 2023, at around 11:00 p.m. the defendants all appeared at Mr. McGee's home on a simple civil standby because of the political clout of Nicole Brown-McGee.

24. The defendants Coppock, Lewandowski, Somerville, and Ms. Brown-McGee went into Mr. McGee's home while Mr. McGee stood outside with the defendant chief of police Tony DeGiusti.

25. The defendant police officers told Mr. McGee he was not under arrest, but they also told him that he could not go into his home, and he could not leave the scene, therefore detaining him.

26. Mr. McGee vehemently protested to Chief DeGiusti that there was no basis for the claim that he had threatened his wife in any way, or for his detention.

27. Many minutes later the defendants Coppock, Lewandowski and Somerville, as well as Nicole Brown-McGee, emerged from Mr. McGee's home, and Ms. Brown-McGee left for a place unknown to Mr. McGee.

28. Ms. Somerville exited Mr. McGee's home carrying what appeared to be Mr. McGee's two guns wrapped in a blanket.

29. Mr. McGee, again, only gave permission to the defendants to stand by while Nicole Brown-McGee gathered her personal property.

30. Mr. McGee did not give permission for the defendants to take any of his personal property, much less his guns.

31. Mr. McGee then began vehemently and loudly objecting to all of the defendants that they were improperly taking his guns, and he told them to stop and return his guns.

32. The defendant DeGiusti told Mr. McGee that they would be taking his guns.

33. Another officer then told Mr. McGee that he could retrieve his guns from the defendants the following day.

34. The defendant Chief DeGiusti then told Mr. McGee that he could not retrieve his guns the following day, and that he would have to wait.

35. The defendant DeGiusti deliberately delayed Mr. McGee from retrieving his guns and improperly retained them in order to stall for a personal protective order hearing that he knew would occur.

36. On July 8, 2022, a judge, who is a democrat, indicated in a hearing that she knew Nicole Brown-McGee because of their connections in the democratic party, and, therefore, she believed her story about Mr. McGee having threatening Ms. Brown McGee, and she granted a personal protective order to Ms. Brown-McGee.

37. The defendants, after the fact, requested criminal charges of domestic violence against Mr. McGee in an attempt to justify their conduct, but this request was denied, because the probable cause elements were lacking.

38. As a result of the events described above, Mr. McGee was deprived of his guns, and, for awhile, his freedom, he felt unsafe, and he experienced and still experiences, shock, anger, humiliation, degradation, emotional distress, a loss of enjoyment of life and additional damages.

**COUNT I–UNCONSTITUTIONAL SEIZURES – 42 USC §1983 – INDIVIDUAL DEFENDANTS**

39. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-38 of this complaint.

40. It is clearly established that public officials cannot choose sides in a civil property dispute.

41. It is clearly established that public officials cannot take property from a citizen unless they have probable cause to do so, and that there is probable cause that the property is evidence of a crime.

42. It is clearly established that public officials cannot remove property from a home unless there is a court order or other lawful basis.

43. It is clearly established that public officials cannot detain or arrest an individual without reasonable or probable cause to do so.

44. By taking the guns from Mr. McGee's home and detaining him for over an hour on a civil standby, defendants violated Mr. McGees clearly established Fourth and Fifth Amendment Rights.

45. No reasonable public official could have believed that he or she had the right to remove Mr. McGee's guns from his home in the circumstances set forth above involving a civil standby.

46. It is clearly established that police officers cannot search or seize items based on consent when the search and seizure exceeds the consent given.

47. The defendants in question could not reasonably have believed that their actions described above were lawful or within the constitutional limitations on the exercise of their authority under the Fourth, Fifth and Fourteenth Amendments to the constitution of the United States.

48. The acts of the officers described above violate the clearly established rights of Mr. McGee to be free from the unconstitutional conduct described above.

WHEREFORE, the plaintiff requests a judgment against the individual defendants for whatever amount is sufficient to compensate him for his injuries and damages past and

future plus punitive damages, all recoverable interest, attorneys fees under 42 USC §1988, and any other relief this court deems fair and just.

## COUNT II – 42 USC §1983 – CITY OF YPSILANTI

49. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-48 of this complaint.

50. The approval, acquiescence and participation of the chief of police set forth above indicated ratification of the unconstitutional actions by the other defendants, and himself, the person in charge of law enforcement policy for the City of Ypsilanti.

51. As a result the defendant City of Ypsilanti should be liable for the unconstitutional conduct set force above.

52. This conduct shows an unconstitutional policy, custom and practice by the City of Ypsilanti of violating the constitutional rights of citizens such as Mr. McGee.

53. As a result of the unconstitutional policy, custom and practice set forth above, Mr. McGee suffered the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendant city of Ypsilanti for whatever amount is sufficient to compensate him for his injuries and damages past and future plus all recoverable interest, attorneys fees under 42 USC §1988, and any other relief this court deems fair and just.

## COUNT III – INTENTIONAL TORTS – INDIVIDUAL DEFENDANTS

54. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-51 of this complaint.

55. The acts of the individual defendants constitute both a trespass false arrest and conversion, contrary to common law, and, for conversion, also contrary to MCL 600.2919(a).

56.     As a result of the trespass, false arrest and conversion set forth above, Mr. McGee has suffered the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the individual defendants for whatever amount is sufficient to compensate him for his injuries and damages past and future plus, all recoverable interest, attorneys fees, treble damages under MCL 600.2919(a),  and any other relief this court deems fair and just.

Dated: September 19, 2023              William F.  Piper, PLC.
                                       Attorney for Plaintiff

                                       By:   /s/ William F. Piper
                                             William F. Piper (P38636)
                                       BUSINESS ADDRESS:
                                             1611 W. Centre Ave., Suite 209
                                             Portage, MI 49024 (269) 321-5008