UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREUS MCGEE, an individual,

    Plaintiff,

v

TONY DEGIUSTI, individually and
On his official capacity of the Chief of
Police of the Ypsilanti Police Department;
ANNIE SOMERVILLE, individually;
ANNETTE COPPOCK, individually;
BRIAN LEWANDOWSKI, individually;
NICOLE BROWN-MCGEE, individually; and
CITY OF YPSILANTI, a public body,

    Defendants.

Case No. 23-cv-12378-DML
Hon. David M. Lawson

| WILLILAM F. PIPER (P38636) | AUDREY J. FORBUSH  (P41744) |
|---|---|
| William F. Piper, P.L.C. | Plunkett Cooney |
| *Attorney for Plaintiff* | *Attorney for Defendants* |
| 1611 West Center Ave, Suite 209 | Plaza One Financial Center |
| Portage, MI 49024 | 111 E. Court Street – Suite 1B |
| 269-321-5008/269-321-5009 FAX | Flint, MI  48502 |
| wpiper@wpiperlaw.com | (810) 342-7014/(810) 232-3159-FAX |
|  | aforbush@plunkettcooney.com |

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES
AND RELIANCE ON JURY DEMAND**

    NOW COMES the Defendant NICOLE BROWN-MCGEE, by and through her attorneys, PLUNKETT COONEY,  and in answer to Plaintiff's Complaint states as follows:

1. In response to the allegations contained in paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

2. In response to the allegations contained in paragraph 2, it is admitted only that on July 5, 2022, Defendant Tony Degiusti was the Chief of Police for the City of Ypsilanti. As to the remainder of the allegations contained in paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

3. In response to the allegations contained in paragraph 3, same are admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. In response to the allegations contained in paragraph 7, Defendant admits that some, but not all events occurred at her home located at 948 Jefferson Street in the City of Ypsilanti, County of Washtenaw, State of Michigan.

8. The allegations contained in paragraph 8 are denied as untrue in the form and manner alleged and in fact.

9. In response to the allegations contained in paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

10. In response to the allegations contained in paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

11. In response to the allegations contained in paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

## **COMMON ALLEGATIONS**

12. Defendant incorporates by reference her answers to paragraphs 1-11.

13. In response to the allegations contained in paragraph 13, Defendant admits only that Plaintiff came to the residence she owned on Jefferson Street. The remainder of the allegations are denied as untrue in the form and manner alleged and in fact.

14. The allegations contained in paragraph 14 are denied as untrue in the form and manner alleged and in fact.

15. The allegations contained in paragraph 15 are denied as untrue in the form and manner alleged and in fact.

16. The allegations contained in paragraph 16 are denied as untrue in the form and manner alleged and in fact.

17. The allegations contained in paragraph 17 are denied as untrue in the form and manner alleged and in fact.

18. In response to the allegations contained in paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

19. In response to the allegations contained in paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

20. The allegations contained in paragraph 20 are denied as untrue in the form and manner alleged and in fact.

21. In response to the allegations contained in paragraph 21, it is admitted only that Plaintiff was advised of a civil standby to allow his wife to retrieve some personal belongings from her home and he agreed to same.

22. In response to the allegations contained in paragraph 22, the residence in question was owned by Nicole Brown-McGee and while Plaintiff's

permission was not required, upon information and belief he initially agreed to remain outside during the civil standby.

23. The allegations contained in paragraph 23 are denied as untrue in the form and manner alleged and in fact.

24. In response to the allegations contained in paragraph 24, it is admitted that initially Defendants Coppock, Lewandowski, Somerville and Brown-McGee went into the residence (owned by Brown-McGee) and that Chief DeGiusti remained outside with Plaintiff.

25. In response to the allegations contained in paragraph 25, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

26. In response to the allegations contained in paragraph 26, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

27. In response to the allegations contained in paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

28. In response to the allegations contained in paragraph 28, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

29. In response to the allegations contained in paragraph 29, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

30. In response to the allegations contained in paragraph 30, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

31. In response to the allegations contained in paragraph 31, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

32. In response to the allegations contained in paragraph 32, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

33. In response to the allegations contained in paragraph 33, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

34. In response to the allegations contained in paragraph 34, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.

35. The allegations contained in paragraph 35 are denied as untrue in the form and manner alleged and in fact.

36. In response to the allegations contained in paragraph 36, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs. It is admitted that a personal protection order was entered which, in part, prohibited Plaintiff from possessing firearms.

37. The allegations contained in paragraph 37 are denied as untrue in the form and manner alleged and in fact.

38. The allegations contained in paragraph 38 are denied as untrue in the form and manner alleged and in fact.

### COUNT I – UNCONSTITUTIONAL SEIZURES – 42 USC §1983 – INDIVIDUAL DEFENDANTS

39. Defendant incorporates by reference her answers to paragraphs 1-38.

40. The statements contained in paragraph 40 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and leaves Plaintiff to his proofs.

41. The statements contained in paragraph 41 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and leaves Plaintiff to his proofs.

42. The allegations contained in paragraph 42, are denied as untrue in the form and manner alleged and in fact.

43. The statements contained in paragraph 43 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendant denies that Plaintiff was detained or arrested.

44. The allegations contained in paragraph 44, are denied as untrue in the form and manner alleged and in fact.

45. The allegations contained in paragraph 45, are denied as untrue in the form and manner alleged and in fact.

46. The allegations contained in paragraph 46, are denied as untrue in the form and manner alleged and in fact.

47. The allegations contained in paragraph 47, are denied as untrue in the form and manner alleged and in fact.

48. The allegations contained in paragraph 48, are denied as untrue in the form and manner alleged and in fact.

**WHEREFORE,** Defendant NICOLE BROWN-MCGEE, respectfully requests that this Honorable Court enter an Order for No Cause for Action in her favor, with costs and attorney fees to be taxed.

### COUNT II – 42 USC §1983- CITY OF YPSILANTI

49. Defendant incorporates by reference her answers to paragraphs 1-48.

50. The allegations contained in paragraph 50, are denied as untrue in the form and manner alleged and in fact.

51. The allegations contained in paragraph 51, are denied as untrue in the form and manner alleged and in fact.

52. The allegations contained in paragraph 52, are denied as untrue in the form and manner alleged and in fact.

53. The allegations contained in paragraph 53, are denied as untrue in the form and manner alleged and in fact.

### COUNT III – INTENTIONAL TORTS – INDIVIDUAL DEFENDANTS

54. Defendant incorporates by reference her answers to paragraphs 1-53.

55. The allegations contained in paragraph 55, are denied as untrue in the form and manner alleged and in fact.

56. The allegations contained in paragraph 56, are denied as untrue in the form and manner alleged and in fact.

**WHEREFORE,** Defendant, NICOLE BROWN-MCGEE, respectfully requests that this Honorable Court enter an Order for No Cause for Action in her favor, with costs and attorney fees to be taxed.

Respectfully submitted,

*/s/ Audrey J. Forbush*
Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Defendants
111 E Court Street, Suite 1B
Flint, MI 48502
810-342-7014/810-232-3159-FAX
Dated: January 9, 2024                          aforbush@plunkettcooney.com

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant NICOLE BROWN-MCGEE, by and through their attorneys, PLUNKETT COONEY, and for her Affirmative Defenses state as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff may have failed to mitigate his damages. Defendants reserve the right to conduct discovery on this issue.

3. The proximate cause of any and all injuries suffered by the Plaintiff was the result of the voluntary misconduct of the Plaintiff.

4. Plaintiff's claims may be barred by the applicable statutes of limitation and/or Laches.

5. Plaintiff has failed to state a legally cognizable claim against this Defendant pursuant to 42 U.S.C §1983.

6. Plaintiff has failed to comply with one or more of the requirements as set forth in the statutes at issue.

7. Defendant, at all times herein, acted in good faith and without malice and she is entitled to governmental immunity, individual immunity, absolute immunity and qualified immunity and/or witness immunity/privilege.

8. Some or all of Plaintiff's Complaint may be barred by collateral estoppel and/or res judicata.

9. Some or all of Plaintiff's Complaint may be barred to the extent the complained of injuries and damages are due to the negligence of the Plaintiff only and/or the comparative negligence of Plaintiff.

10. That none of the actions or inactions of Defendants were deliberately indifferent to Plaintiff's well-being.

11. Plaintiff's Complaint may be barred in whole, or in part, by the wrongful conduct doctrine.

12. Defendant is entitled to qualified immunity from Plaintiff's claims for alleged violations of the Constitution as Defendant's actions were objectively reasonable in light of the circumstances.

13. At no time did Defendant violate clearly established statutory or constitutional rights of Plaintiff which any reasonable person should have known. As such, Defendant is entitled to qualified immunity from Plaintiff's claims.

14. Some or all of Plaintiff's Complaint may be barred by the doctrines of res judicata, collateral estoppel, waiver and release.

15. Defendant was lawfully on the subject property as she was the owner.

16. Defendant hereby reserves the right to name additional affirmative defenses as discovery makes them known.

Respectfully submitted,

*/s/ Audrey J. Forbush*
Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Defendants
111 E Court Street, Suite 1B
Flint, MI 48502
810-342-7014/810-232-3159-FAX
aforbush@plunkettcooney.com

Dated: January 9, 2024

## RELIANCE ON JURY DEMAND

NOW COMES the Defendant NICOLE BROWN-MCGEE, by and through her attorneys, PLUNKETT COONEY, and hereby relies upon the jury demand previously filed in this matter.

          Respectfully submitted,

          */s/ Audrey J. Forbush*
          Audrey J. Forbush (P41744)
          PLUNKETT COONEY
          Attorney for Defendants
          111 E Court Street, Suite 1B
          Flint, MI 48502
          810-342-7014/810-232-3159-FAX

Dated: January 9, 2024            aforbush@plunkettcooney.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 9th day of January, 2024, I filed the foregoing document and this Certificate of Service with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

          */s/Michelle A. Sheppard*
          MICHELLE A. SHEPPARD
          PLUNKETT COONEY

Open.00560.34041.32974333-1