UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREUS MCGEE, an individual,

    Plaintiff,

vs.

TONY DEGIUSTI, individually, and
on his official capacity of the Chief of
Police of the Ypsilanti Police Department;
ANNIE SOMERVILLE, individually;
ANNETTE COPPOCK, individually;
BRIAN LEWANDOWSKI, individually,
NICOLE BROWN-MCGEE, individually, and
CITY OF YPSILANTI, a public body.

Case Number 2:23-cv-12378
Hon.:Susan K. DeClercq

Defendants

| WILLIAM F. PIPER (P38636)<br>William F. Piper, P.L.C.<br>*Attorney for Plaintiff*<br>1611 West Centre Avenue, Suite 209<br>Portage, MI 49024<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com | AUDREY J. FORBUSH (P41744)<br>MICHAEL D. HANCHETT (P80974)<br>Plunkett Cooney<br>*Attorneys for Defendants*<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI 48502<br>(810) 342-7014/(810) 232-3159-FAX<br>Email: aforbush@plunkettcooney.com<br>Email: mhanchett@plunkettcooney.com |
|---|---|

## REPORT REGARDING STATUS CONFERENCE

NOW COME Plaintiff, ANDREUS MCGEE, and Defendants, TONY DEGIUSTI, ANNIE SOMERVILLE, ANNETTE COPPOCK, BRIAN LEWANDOWSKI, NICOLE BROWN-MCGEE and CITY OF YPSILANTI, and for their Report Regarding Status Conference state as follows:

**1. Relationship if any, to other cases:** None.

**2. Subject Matter Jurisdiction:**

There are three claims in this case: Count I brought pursuant to 42 U.S.C. 1983 against the individual defendants for alleged unconstitutional seizures of Plaintiff's firearms; Count II brought pursuant to 42 U.S.C. 1983 against the City of Ypsilanti for Monell liability; and Count III a State Law Claim for intentional torts against the individual defendants for trespass, false arrest and conversion.

This Court has jurisdiction over Counts I and II pursuant to 28 USC 1331 and 28 USC 1343(a)(3) and (4).

This Court has jurisdiction over Count III by virtue of the doctrine of supplemental jurisdiction, 28 USC 1367.

### 3. Factual Summary:

**Plaintiff:** The plaintiff Andreas McGee gave permission for a civil stand by so that his estranged wife could take some personal items from their home. However, he did not give permission for police or Ypsilanti government officials to enter his home and search it.

When the police, Ms. Brown, McGee and city council Annie Sommerville arrived at his home, the defendant officers told him he was not under arrest, but he could not go into his home, and he could not leave the scene, therefore detaining him. The defendants, Coppock, Lewandowski, Sommerville and Brown-McGee entered this home, and Ms. Sommerville left the home with Mr. McGee's guns.  The defendants did not have a search warrant or a court order of any kind.

Despite Ms. McGee protesting to the removal of his guns, it continued. Chief Degiusti even told Mr. McGee that he could not return his guns the following day, and he would have to wait. They did this in order to have a personal protection order hearing before a judge with political connections to Ms. Brown-McGee.

The plaintiff sues under 42 USC § 1983 alleging Second, Fourth and Fifth amendment violations against the individual defendants and the City of Ypsilanti. He also brings intentional tort claims against the individual defendants.

**Defendants:** Defendants deny the allegations of Plaintiff. The individual law enforcement defendants acted in good faith, without malice and in objectively reasonable manners based on the totality of the circumstances in responding to a domestic complaint and civil standby as did the civilian individual defendants. All defendants are entitled to governmental immunity, qualified immunity, absolute immunity and state and federal privileges. Further, a valid PPO rendered Plaintiff incapable of possessing firearms shortly after the incident and he has not been harmed. Plaintiff was not detained nor arrested. All defendants were lawfully at the subject premises with the permission of the homeowner, Ms. Brown-McGee. Plaintiff cannot maintain a constitutional violation nor a violation of state law. Plaintiff cannot maintain a *Monell* claim against the City of Ypsilanti. He has also failed to mitigate his damages.

**4. Legal Issues:**

(1) whether Plaintiff has failed to state a claim upon which relief may be granted; (2) whether Plaintiff's claims are barred by governmental immunity; (3) whether Plaintiff's claims are barred by qualified immunity; (4) whether all or part of Plaintiff's claims may be barred by the applicable statute of limitations; (5) whether the individual defendants were acting under color of state law and/or within the scope of their employment; (6) whether Plaintiff's claims are barred by the wrongful conduct rule; (7) whether Plaintiff was comparatively at fault; (8) whether Plaintiff failed to mitigate his damages; At the close of discovery, a Motion for Summary Judgment regarding some, or all, of these issues is anticipated.

**5. Amendment of Pleadings:**

Plaintiff intends to amend his pleadings to clarify that the defendant officials entry into his home was unconstitutional, before the removal of his guns. Plaintiff intend to amend his complaint to plead a violation of his Second Amendment rights as well. Defendants contest these claims.

**6. Discovery Plan:  Discovery cutoff is July 5, 2024.**

The defendant has taken the plaintiffs depositions.  The parties are working to schedule the depositions of the defendant.  The defendant City of Ypsilanti was 2 1/2 months overdue in its written discovery responses, and then the responses contained objections that the plaintiff did not agree with.

i. Parties to inform the Court of the intentions regarding ADR by June 3, 2024.

ii. Dispositive Motions will be filed by September 13, 2024

iii. Final Pre-trial Conference to be set by the Court.

iv. Trial date to be set by the Court.

**7. Electronic Discovery:**

The parties do not anticipate there being other discovery of electronically stored information in this matter, however, the parties agree to cooperate in good faith if the need arises during discovery.

**8. Settlement, Including Alternative Dispute Resolution:**

**9. Consent:**

The parties do not consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this civil action.

**10. Trial:**

The parties anticipate the trial will take 3-4 days.

| | | | |
|---|---|---|---|
| Date: 5/14/2024 | Respectfully submitted, */s/ William F. Piper*<br>WILLILAM F. PIPER (P38636)<br>William F. Piper, P.L.C.<br>*Attorney for Plaintiff*<br>1611 West Center Ave, Suite 209<br>Portage, MI 49024<br>(269) 321-5008<br>wpiper@wpiperlaw.com | Date: 5/14/2024 | */s/ Audrey J. Forbush)*<br>AUDREY J. FORBUSH (P41744)<br>Plunkett Cooney<br>*Attorneys for Defendants*<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI 48502<br>(810) 342-7014/(248) 594-8689<br>aforbush@plunkettcooney.com |
| Date: 5/14/2024 | */s/ Michael D. Hanchett*<br>MICHAEL D. HANCHETT (P80974)<br>Plunkett Cooney<br>*Attorneys for Defendants*<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI 48502<br>(810) 342-7014/(248) 594-8689<br>mhanchett@plunkettcooney.com | | |

Open.00560.34041.33621716-1